UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MAMADOU CISSE,

                Plaintiff,

      -against-

JOHN ANTONOPOULOS JR and CLEAN HARBORS ENVIRONMENTAL SERVICES, INC.

                Defendants.

---

**Civil Action No.:** _____

**COMPLAINT**

**JURY DEMAND**

Plaintiff, **MAMADOU CISSE**, by his attorneys, **BISOGNO & MEYERSON, LLP.**, complaining of the defendants, alleges the following, upon information and belief:

1. That at all times herein mentioned, Plaintiff, **MAMADOU CISSE**, was and still is, a resident of the County of Bronx, City and State of New York.

2. That at all times herein mentioned, Defendant, **JOHN ANTONOPOULOS JR**, was, and still is, a resident of the County, City and State of New York.

3. That at all times herein mentioned, Defendant, **CLEAN HARBORS ENVIRONMENTAL SERVICES, INC.**, was and still is a foreign business corporation duly organized and existing under and by virtue of the laws of the State, other than the State of New York.

4. That at all times herein mentioned, Defendant, **CLEAN HARBORS ENVIRONMENTAL SERVICES, INC.**, maintained its principal place of business in the State of Massachusetts.

5. That at all times herein mentioned, Defendant, **CLEAN HARBORS ENVIRONMENTAL SERVICES, INC.**, was the owner of a 2018 Western Star Tanker motor vehicle bearing Illinois State license plate number P990880.

6. That on August 7, 2023, and at all times hereinafter, Defendant, **JOHN ANTONOPOULOS JR**, was the operator of a certain 2018 Western Star Tanker motor vehicle bearing Illinois State license plate number P990880.

7. That on August 7, 2023, and at all times hereinafter mentioned Defendant, **JOHN ANTONOPOULOS JR**, operated the aforementioned motor vehicle with the knowledge of defendant, **CLEAN HARBORS ENVIRONMENTAL SERVICES, INC**.

8. That on August 7, 2023, and at all times hereinafter mentioned Defendant, **JOHN ANTONOPOULOS JR**, operated the aforementioned motor vehicle with the consent of defendant, **CLEAN HARBORS ENVIRONMENTAL SERVICES, INC**.

9. That on August 7, 2023, and at all times hereinafter mentioned Defendant, **JOHN ANTONOPOULOS JR**, operated the aforementioned motor vehicle with the permission defendant, **CLEAN HARBORS ENVIRONMENTAL SERVICES, INC**. of

10. At all times herein mentioned, Defendant, **JOHN ANTONOPOULOS JR,** operated the aforesaid motor vehicle in the scope of his employment with Defendant, **HARBORS ENVIRONMENTAL SERVICES, INC.**

11. Upon information and belief, that at all times and places hereinafter mentioned, Defendant, **JOHN ANTONOPOULOS JR**, was the lessee of the aforesaid motor vehicle bearing Illinois State license plate number P990880.

12. Upon information and belief, that at all times and places hereinafter mentioned, Defendant, **JOHN ANTONOPOULOS JR**, was the lessor of the aforesaid motor vehicle bearing Illinois State license plate number P990880.

13. Upon information and belief, that at all times and places hereinafter mentioned, Defendant, **JOHN ANTONOPOULOS JR**, maintained the aforesaid motor vehicle bearing Illinois State license plate number P990880.

14. Upon information and belief, that at all times and places hereinafter mentioned, Defendant, **JOHN ANTONOPOULOS JR**, managed the aforesaid motor vehicle bearing Illinois State license plate number P990880.

15. Upon information and belief, that at all times and places hereinafter mentioned, Defendant, **JOHN ANTONOPOULOS JR**, controlled the aforesaid motor vehicle bearing Illinois State license plate number P990880.

16. Upon information and belief, that at all times and places hereinafter mentioned, Defendant, **JOHN ANTONOPOULOS JR**, inspected the aforesaid motor vehicle bearing Illinois State license plate number P990880.

17. Upon information and belief, that at all times and places hereinafter mentioned, Defendant, **JOHN ANTONOPOULOS JR**, repaired the aforesaid motor vehicle bearing Illinois State license plate number P990880.

18. Upon information and belief, that at all times and places hereinafter mentioned, Defendant, **CLEAN HARBORS ENVIRONMENTAL SERVICES, INC.**, was the lessee of the aforesaid motor vehicle bearing Illinois State license plate number P990880.

19. Upon information and belief, that at all times and places hereinafter mentioned, Defendant, **CLEAN HARBORS ENVIRONMENTAL SERVICES, INC.**, was the lessor of the aforesaid motor vehicle bearing Illinois State license plate number P990880.

20. Upon information and belief, that at all times and places hereinafter mentioned, Defendant, **CLEAN HARBORS ENVIRONMENTAL SERVICES, INC.**, maintained the aforesaid motor vehicle bearing Illinois State license plate number P990880.

21. Upon information and belief, that at all times and places hereinafter mentioned, Defendant, **CLEAN HARBORS ENVIRONMENTAL SERVICES, INC.**, managed the aforesaid motor vehicle bearing Illinois State license plate number P990880.

22. Upon information and belief, that at all times and places hereinafter mentioned, Defendant, **CLEAN HARBORS ENVIRONMENTAL SERVICES, INC.**, controlled the aforesaid motor vehicle bearing Illinois State license plate number P990880.

23. Upon information and belief, that at all times and places hereinafter mentioned, Defendant, **CLEAN HARBORS ENVIRONMENTAL SERVICES, INC.**, inspected the aforesaid motor vehicle bearing Illinois State license plate number P990880.

24. Upon information and belief, that at all times and places hereinafter mentioned, Defendant, **CLEAN HARBORS ENVIRONMENTAL SERVICES, INC.**, repaired the aforesaid motor vehicle bearing Illinois State license plate number P990880.

25. That on August 8, 2024 and at all times herein mentioned, Plaintiff, **MAMADOU CISSE**, owned and operated a 2021 Nissan SUV motor vehicle bearing New York State license plate number KVT2546.

26. That at all times herein mentioned, 7th Avenue, at or near its intersection with West 127th Street, in the County, City and State of New York, was and still is a public roadway, street and/or thoroughfare in common use of the residents of the State of New York and others.

27. That on August 7, 2023, Plaintiff, **MAMADOU CISSE**, was lawfully and properly operating a motor vehicle at the above- mentioned location.

28. Upon information and belief, that at all times and places hereinafter mentioned, Defendant, **JOHN ANTONOPOULOS JR**, was responsible for the proper and prudent operation of the aforesaid motor vehicle.

29. That on or about August 7, 2023, at approximately 2:00 p.m. the subject motor vehicle, owned by Defendant, **CLEAN HARBORS ENVIRONMENTAL SERVICES, INC.** and operated by Defendant, **JOHN ANTONOPOULOS JR**, rear-ended the motor vehicle, owned and operated by Plaintiff, **MAMADOU CISSE**.

30. That as a result thereof, the plaintiff was caused to sustain severe and serious injuries.

31. That the aforesaid occurrence was caused wholly and solely by reason of the negligence of the defendants without any fault or negligence on the part of the plaintiff contributing thereto.

32. That defendants were negligent, careless and reckless in the ownership, operation, management, maintenance, supervision, use and control of the aforesaid

vehicle and the defendants were otherwise negligent, careless and reckless under the circumstances then and there prevailing.

33. That as a result of the aforesaid occurrence, the plaintiff, was rendered sick, sore, lame and disabled and has remained so since the said occurrence. The Plaintiff, **MAMADOU CISSE**, continues to suffer mental anguish and great physical pain. He has been compelled to undergo medical aid, treatment and attention and expand money and incur obligations for physicians' services, medical and hospital expenses for the care and treatment of his injuries; and upon information and belief, he will be compelled to expend additional sums of money and incur further obligations in the future for additional physicians' services, medical and hospital expenses for the further care and treatment of his injuries. Plaintiff, **MAMADOU CISSE**, has been incapacitated from attending to his usual duties, functions, occupations, vocations and avocations, and in other ways he was damaged, and upon information and belief may be so incapacitated in the future and will suffer pecuniary losses.

34. That by reason of the foregoing, Plaintiff, **MAMADOU CISSE**, sustained a serious injury as defined by New York State Insurance Law Section §5102(d).

35. That by reason of the foregoing, Plaintiff, **MAMADOU CISSE**, sustained serious injuries and economic loss greater than basic economic loss as defined by §5104 of the New York State Insurance Law.

36. Upon information and belief, that this action falls within one or more of the exceptions enunciated in Section 1601 and 1602 of the New York CPLR.

37. That plaintiff is not seeking to recover any damages for which plaintiff has been reimbursed by no-fault insurance and/or for which no-fault insurance is obligated to

reimburse plaintiff. Plaintiff is seeking only to recover those damages not recoverable through no-fault insurance under the facts and circumstances of this action.

38. The amount of damages sought herein by Plaintiff is **Seven Million Five Hundred Thousand Dollars ($7,500,000.00)**, which exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction over this matter.

**WHEREFORE**, Plaintiff, **MAMADOU CISSE**, demands judgment against Defendants, **JOHN ANTONOPOULOS JR** and **CLEAN HARBORS ENVIRONMENTAL SERVICES, INC.**, in an amount which exceeds the jurisdictional limitations of all lower courts which would otherwise have jurisdiction over this action: together with the interest, costs and disbursements.

Dated: November 17, 2025
      Brooklyn, New York

                                              Respectfully submitted,

                                              PATRICK BISOGNO, ESQ.
                                              **BISOGNO & MEYERSON, LLP**
                                              *Attorneys for Plaintiff*
                                              **MAMADOU CISSE**
                                              7018 Fort Hamilton Parkway
                                              Brooklyn, NY 11228
                                              (718) 745-0880
                                              P.Bisogno@me.com

## ATTORNEY'S VERIFICATION

**PATRICK BISOGNO**, an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury:

I am an attorney at **BISOGNO & MEYERSON, LLP**, attorneys of record for Plaintiff, **MAMADOU CISSE**.

I have read the annexed **SUMMONS & COMPLAINT** and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

This verification is made by me because Plaintiff is not presently in the county wherein, I maintain my offices.

DATED:   Brooklyn, NY
         November 17, 2025

_____
**PATRICK BISOGNO ESQ.**